[Crim. No. 4612.   Second Dist., Div. Three.   May 25, 1951.]

THE PEOPLE, Respondent, v. RUEBEN P. SERRANO, Appellant.

Clifton A. Hix for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

SHINN, P. J.—Rueben P. Serrano, charged with rape, was convicted in a jury trial of contributing to the delinquency of a minor. He appeals from the judgment and from an order denying his motion for a new trial.

The age of the girl, 16 years, furnished the only element of criminality in the acts to which she testified. It is urged that her testimony was so contradictory and uncertain as to be of no value as evidence, and there is much to be said for the argument. She testified that defendant had sexual intercourse with her on three occasions, naming the places, but not specifying dates with any degree of certainty. She also testified that defendant had attempted an act of sexual intercourse with her but none had even taken place, although she admitted having had intercourse with four other boys. Defendant denied there had been any intercourse. Both testified that they drove around together in defendant's car after dances. ▆ Had it not been for the admissions and the testimony of defendant himself, it is doubtful that the jury would have convicted him of any offense. The arresting officer testified that he asked defendant what had occurred on the night of his arrest and defendant replied that he had "tried to get her" but had not been successful, and that on prior occasions he had been successful. Defendant testified that he had told the officer that he had done nothing that night or any other night; that he tried but just did not want to do it; that he was scared to do it, did not dare to do it; that he tried and was "to darn nervous." This coincides with one line of the girl's testimony.

Defendant's argument ignores the testimony as to the attempt. In arguing the point of insufficiency of the evidence he says: "If the defendant was guilty of anything, he would have been guilty of rape. The jury has found by its verdict that he was not guilty of rape; therefore, he was guilty of nothing, and the verdict is not supported by the evidence." It is conceded that the offense of which defendant was convicted is included in the offense with which he was charged, and it is not claimed that the acts admitted by defendant do not constitute contributing. ▆ That the girl was a delinquent in the eyes of the law appears from her own testimony that she made herself available to the youth of the community. It could scarcely be doubted that in so doing she contributed to their delinquency. But her fault does not exonerate the defendant, nor does the fact that she was already a delinquent deprive her of the protection which the law affords her.

■ The offense does not consist of causing delinquency, but only of contributing to it. And if the contribution of defendant tended in substantial degree to perpetuate an existing condition it is immaterial that others may have contributed to the same or a greater extent. ■ There is no merit in the claim that the evidence was insufficient to justify the verdict.

■ Among the forms of verdicts submitted to the jury was one of conviction of the offense of contributing. No instructions were requested and none were given to the effect that defendant could be found guilty of contributing. It is argued that this was error, but we have been unable to follow the thread of the argument. The jury gave defendant the benefit of the doubt and he does not say how he could have fared better if instructions had been given as to the lesser included offense. The elements of included offenses should be stated in appropriate instructions, but where one charged with rape makes admissions of acts which clearly constitute the offense of contributing, testifies to having made the admissions and does not deny their truthfulness, he is not in a position to claim prejudice for the failure to give instructions on contributing which would necessarily bring his conduct within the definition of that offense. The record discloses no prejudicial error.

The judgment and order are affirmed.

Wood (Parker), J., and Vallée, J., concurred.